UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REMEMBRANCE GROUP, INC., a
Delaware corporation

       Plaintiff,

v.                                  Case No:  2:21-cv-675-JES-MRM

TROY K. CENTAZZO,
individually,

       Defendant.

_____

**OPINION AND ORDER**

    This case comes before the Court on counter-defendant Remembrance Group, Inc.'s (Remembrance) Motion to Dismiss Counterclaim (Doc. #26) filed on December 1, 2021. Counter-plaintiff Troy K. Centazzo (Centazzo) filed his Response (Doc. #37) on December 29, 2021. For the reasons set forth, the Counterclaim (Doc. #22) is dismissed as a shotgun pleading with leave to amend.

**I.**

    Remembrance is in the business of acquiring funeral homes. (Doc. #22, ¶ 14.)  From December 2012 until April 2017, Centazzo served as Remembrance's president. (Id. ¶ 17.)  After Centazzo's tenure concluded, Centazzo continued to do work for the company. (Id. ¶¶ 37-63.)  The parties' dispute arises from Centazzo's work for Remembrance and alleged breaches of multiple agreements

between the parties throughout their relationship. (See generally, Docs. ## 1, 22.)

On September 13, 2021, Remembrance filed a five-count Complaint (Doc. #1) against Centazzo asserting breaches of certain agreements between the parties. On November 10, 2021, Centazzo responded with his Answer and Affirmative Defenses. (Doc. #22.) Centazzo also asserted a six-count counterclaim. (Id.) Remembrance moves to dismiss the Counterclaim in its entirety as a shotgun pleading and for failure to state a claim. (Doc. #26.)

## II.

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Ofc., 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings [because] [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). In a case where a party files a shotgun pleading, a court "should strike the [pleading] and instruct

counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018).

Here, each count incorporates and re-alleges all proceeding paragraphs. (See Doc. #22, ¶¶ 87, 95, 104, 111, 116.) This violates Fed. R. Civ. Proc. 8(a). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); Weiland, 792 F.3d at 1321. Doing so makes it nearly impossible for Remembrance and the Court to determine which factual allegations give rise to which claims for relief. This is especially so because the Counterclaim discusses multiple agreements (both oral and written) and various conduct concerning Remembrance's breaches of the agreements.

The Court, therefore, dismisses the Counterclaim with leave to amend. The Court otherwise denies Remembrance's motion, with leave to refile a similar motion, if appropriate, after the Amended Counterclaim is filed.[1]

---

[1] Remembrance raises other arguments as to why the Counterclaim fails to state a claim. Centazzo responds to these arguments, but in the alternative, requests leave to replead if necessary. (Doc. #37, pp. 19-20.) Because Centazzo is granted

Accordingly, it is now

**ORDERED:**

1. Counter-defendant's Motion to Dismiss (Doc. #26) is granted to the extent that the Counterclaim (Doc. #5) is dismissed without prejudice as a shotgun pleading.
2. Counter-plaintiff is granted leave to file an Amended Counterclaim with **fourteen (14) days** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

leave to amend, any concerns about the sufficiency of Centazzo's counterclaims may also be addressed in connection with an Amended Counterclaim.

4